UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK FISHER, a single man, | CASE NO. C10-5510BHS |
| Plaintiff, | |
| v. | ORDER RE DEFENDANTS' NOTICE TO CLERK |
| J. BYRON HOLCOMB and JANE DOE HOLCOMB, a marital community, | |
| Defendant. | |

This matter comes before the Court on Defendants' (collectively "Holcomb") declaration and notice to the clerk (Dkt. 22). The Court has considered the pleadings filed in support of this filing and hereby denies the filing to the extent it could be considered a motion for the reasons discussed herein.

**I. DISCUSSION**

The instant filing is apparently a motion by Holcomb raising several issues, including the following:

**A.   Venue**

Holcomb contends that this matter is not properly before the undersigned and that it should actually be in the Seattle Division of the United States District Court for the

ORDER - 1

Western District of Washington. *See* Dkt. 22 at 2. However, Holcomb is mistaken. A matter "may be removed by the defendant or the defendants, to the *district court of the United States for the district and division embracing the place where such action is pending* . . . ." 28 U.S.C. 1441. The underlying state court action commenced in Kitsap County. Actions commenced in Kitsap County are embraced by the Tacoma division of the United States District Court for the Western District of Washington.

Therefore, the instant matter is properly before the undersigned and Holcomb's argument on this issue is without merit.

**B.     Electronic Case Filing (ECF)**

Holcomb argues that he has been denied access to the ECF. Dkt. 22 at 2. Although Holcomb was not "denied" access to ECF, a correction on the system has been made, and documents will in the future be available in accordance with the Court's practice and policy. The clerk is also directed to mail copies of past docket entries to Holcomb.

**C.     Eligibility to Practice Law**

Holcomb argues that issues surrounding his eligibility to practice law in the Western District of Washington Federal Court system need to be resolved. Dkt. 22 at 2. "Any attorney who is a member in good standing of the Washington State Bar . . . is eligible for admission to the bar of this court." General Rule 2(b). According to the Washington State Bar Association's ("WSBA") website, www.wsba.org, James Byron Holcomb, WSBA #1695, is suspended. Therefore, Mr. Holcomb is apparently not in good standing with the WSBA, which renders him ineligible to practice law before this Court until such time as his license is reinstated. However, Mr. Holcomb may represent himself in this matter *pro se* in accord with the rules.

**D.     Status of Parties After Removal**

Holcomb contends the parties are misaligned on removal. In the underlying state court action, Holcomb and his wife are the named Defendants. Removal by Holcomb to

ORDER - 2

this Court does not change this fact; Holcomb remains the Defendant. Therefore, this issue is without merit.

## II. ORDER

Therefore, it is hereby **ORDERED** that Holcomb's notice is meritless and is **DENIED** to the extent it could be construed as a motion. Plaintiff need not file any responsive pleading with respect to the notice and declaration.

DATED this 26th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3