UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK FISHER, a single man,<br><br>                Plaintiff,<br><br>   v.<br><br>J. BYRON HOLCOMB and JANE DOE HOLCOMB, a marital community,<br><br>                Defendant. | CASE NO. C10-5510BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff's ("Fisher") motion to remand back to state court. Dkt. 10. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. DISCUSSION**

On July 21, 2010, Defendants (collectively, "Holcomb") removed this matter from state court. On August 5, 2010, Fisher moved to remand the case back to state court. Dkt. 10. Holcomb did not respond to the motion to remand.[1] On August 26, 2010, Fisher replied. Dkt. 24.

---

[1] Although Holcomb did file what he termed a "global reply," which he apparently intended to be considered, at least in part, as a response to Fisher's motion to remand (Dkt. 10), it does not actually respond to the motion. Therefore, the Court does not treat it as such. *See* Dkt. 14.

ORDER - 1

**A.    Failure to Respond, CR 7(d)(3)**

Because Holcomb failed to respond to the instant motion, it is deemed to have merit. *See* Local Rule Court Rule 7(d)(3). Although Holcomb has expressed to the Court some trouble with receiving documents filed on the ECF, Fisher served the instant motion on Holcomb independent of the ECF on August 5, 2010 at 11:16 a.m. via US mail and email. *See* Dkt. 10 at 11 (certificate of service). Further, Holcomb has admitted that he receives Fisher's pleadings vial email. *See* Dkt. 22 at 6. Therefore, the Court could grant the instant motion on this basis alone. *See* CR 7(d)(3).

**B.    Merit of Fisher's Motion to Remand**

Generally, federal jurisdiction is determined from the face of the complaint. *See* Fed. R. Civ. P. 8; *see also Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003). Federal jurisdiction is either based upon diversity of citizenship or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. A plaintiff, not a defendant, is the master of the complaint. *See, e.g., Calif. ex. rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004) (a plaintiff may "choose to have the cause heard in state court . . . by eschewing claims based on federal law").

In the present matter, the parties are not diverse, and Fisher pleaded only state law claims in his complaint, i.e., no federal question exists. *See, e.g.,* Dkt. 1-2 at 25-26 (copy of complaint). Therefore, the Court lacks subject matter jurisdiction over this matter and it must be remanded. *See* 28 U.S.C. 1447(c).

**C.    Remand and Fees**

Because the court lacks subject matter jurisdiction over this matter, it is remanded. *See* 28 U.S.C. § 1447(c). Holcomb shall pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*.

ORDER - 2

## II. ORDER

Therefore, it is hereby **ORDERED** that Fisher's motion to remand (Dkt. 10) is **GRANTED** and Holcomb must pay reasonable attorney fees and costs, as discussed herein. All other pending motions are terminated.

DATED this 1st day of September, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3